598 P.2d 1027

Lewis B. WARD, Sr., Plaintiff/Appellant,

v.

CHEVRON U. S. A. INC., a corporation, Standard Oil Company of California, Western Operations, Inc., a Delaware Corporation, Don Nelson and Jane Doe Nelson, husband and wife, Defendants/Appellees.

No. 2 CA–CIV 3171.

Court of Appeals of Arizona, Division 2.

May 23, 1979.

Rehearing Denied June 27, 1979.

Review Denied July 19, 1979.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by D. Michael Mandig, and Michael J. Meehan, Tucson, for plaintiff/appellant.

Ryley, Carlock & Ralston by N. Warner Lee and Susan M. Swick, Phoenix, for defendants/appellees.

·OPINION

RICHMOND, Chief Judge.

The question on this appeal is whether the Petroleum Products Franchises Act, A.R.S. § 44–1551, et seq., can be applied to a franchise agreement in existence on the date the act took effect. The trial court found that it could not and entered summary judgment for defendants. We affirm.

Plaintiff and defendant Standard Oil Company of California, Western Operations, Inc., entered into a "dealer lease" and "three-party dealer supply contract" dated August 7, 1972, covering plaintiff's operation of a Chevron service station at Willcox. Both agreements were for a term ending August 15, 1977, and made no provision for renewal. By letter dated June 28, 1977, plaintiff was notified that the agreements would not be renewed. Thereafter he commenced this action seeking compensatory and punitive damages for violations of the Petroleum Products Franchises Act, which imposes limitations on the power of terminating or failing to renew franchise agreements and establishes requirements regarding repurchase of merchandise on termination. Besides Standard, defendants are Chevron U.S.A. Inc. and Mr. and Mrs. Don Nelson. Chevron is joined as an affiliate of or successor to Standard, and Nelson is designated in the complaint as Standard's authorized agent.[1] Defendants filed a motion for summary judgment which was granted "on the basis that the Petroleum [Products] Franchise Act does not govern the Lease and Contract involved in this action."

The rights and obligations of the parties vested on the date the agreements were executed. The law in force at that time formed a part of each contract. *Foltz v. Noon*, 16 Ariz. 410, 146 P. 510 (1915). The Petroleum Products Franchises Act became effective some two years later on August 9, 1974. Its application would burden the contracts with new obligations that did not exist at the time they were executed, thereby violating the Arizona Constitution, Article 2, Section 25. *Foltz v. Noon*, supra; *see also Kresos v. White*, 47 Ariz. 175, 54 P.2d 800 (1936).

We are unable to agree with plaintiff that the statute may be given retroactive effect because the impairment of the

---

1. We fail to see how the complaint states a claim against the Nelsons upon which relief can be granted even if the act applies to plaintiff's agreements with Standard. The statutory remedies for damages lie between the dealer, in this case plaintiff, and distributor, either Standard or Chevron. A.R.S. § 44–1559.

**210**

parties' contract is minimal and thus of no constitutional significance. Cf. *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978). The statutory violations alleged in the complaint are "failure to renew . . . in bad faith . . ., without good cause, and in addition, even had such termination not been in bad faith and without good cause, . . . in an attempt to impose unreasonable performance standards, under the circumstances. . . ." Limitations requiring good faith and good cause for termination and reasonable performance standards are not an insubstantial burden on a contract without such obligations. Neither is the requirement in § 44–1558 that a petroleum products distributor make a good faith offer to repurchase certain products from the dealer in the event of termination, cancellation, or failure to renew a franchise agreement.

■ Nor do we find that the circumstances satisfy the criteria for withstanding a contract clause attack that were applied in *Home Building and Loan Association v. Blaisdell*, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934), and recited in *Allied Structural Steel*, supra, 438 U.S. at 242, 98 S.Ct. at 2721–2, 57 L.Ed.2d at 735. Factors found to be significant included a declaration in the act itself of an emergency need to protect a basic societal interest, and reasonable conditions tailored to the emergency and limited to its duration. Here, the legislature has not declared in the act itself the existence of such an emergency and the record does not establish one. Prospective application comporting with the contract clauses of both state and federal constitutions should provide the protection for which the law was enacted.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.