McALEER BUICK-PONTIAC CO., Plaintiff-Appellee, *v.* GENERAL MOTORS CORPORATION, PONTIAC MOTOR DIVISION AND BUICK MOTOR DIVISION, Defendant-Appellant.

Fourth District    No. 16855

Opinion filed April 2, 1981.

Robert W. Hallock and Philip S. Beck, both of Kirkland & Ellis, of Chicago, and Otis M. Smith, Michael J. Basford, Robert Culver, and Charles E. Fairfax, III, all of Detroit, Michigan, for appellant.

David J. Griffin and Rhoda Elvove Markovitz, both of David J. Griffin & Associates, of Chicago, and Gil Garman, of Sebat, Swanson, Banks, Lessen & Garman, of Danville, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Can the Illinois Motor Vehicle Franchise Act be applied *retroactively* to a contract in existence at the time of the Act's adoption?

No.

We reverse.

In 1955, McAleer Buick-Pontiac Company (McAleer) and General Motors Corporation (GMC) entered into a franchise agreement whereby McAleer became GMC's authorized Buick-Pontiac dealer in the Danville area. This agreement was periodically renewed—most recently in 1975.

The agreement entered into in that year provided that, without action by either party, the parties' contractual relationship would end as of October 31, 1980.

In July 1980, GMC notified McAleer that the franchise agreement would not be renewed. McAleer sought injunctive relief, and the trial court issued a temporary restraining order on October 27, 1980, restraining GMC from terminating the franchise agreement on October 31. The temporary restraining order was later extended, and on November 24 the trial court entered a preliminary injunction prohibiting GMC from terminating the agreement until such time as it establishes "good cause" for the termination. This good cause requirement was based upon section 4(d)(5) of the Illinois Motor Vehicle Franchise Act (Ill. Rev. Stat. 1979, ch. 121½, par. 754(d)(5)), which provides that it is a violation of the Act "to fail or refuse to extend the franchise or selling agreement of a motor vehicle dealer upon its expiration without good cause * * *."

GMC has brought an interlocutory appeal to this court, contending that the trial court erred in entering the preliminary injunction because the Act is not applicable to the McAleer-GMC franchise agreement.

■■ The Illinois Motor Vehicle Franchise Act became effective in 1979, approximately four years after the parties entered into the agreement which GMC does not wish to renew. It is therefore GMC's contention that the Act should not be *retroactively* applied to this agreement. As GMC points out, Illinois courts always presume that the legislature intends its enactments to operate prospectively, not retroactively. (*Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 380 N.E.2d 782; *Vendo Co. v. Stoner* (1974), 58 Ill. 2d 289, 321 N.E.2d 1, *cert. denied* (1975), 420 U.S. 975, 43 L. Ed. 2d 655, 95 S. Ct. 1398; *Anderson v. Board of Education* (1945), 390 Ill. 412, 61 N.E.2d 562.) Thus, a law will be applied retroactively only if the legislature has clearly and expressly stated its intention that the law be so applied. *Grigsby v. Industrial Com.* (1979), 76 Ill. 2d 528, 394 N.E.2d 1173.

McAleer does not dispute the fact that Illinois courts engage in a strong presumption that laws will be applied prospectively only, nor does it contend that the General Assembly has expressed an intent that the Franchise Act should be retroactively applied. Rather, McAleer contends that the trial court has not applied the Act retroactively because it has applied it only to conduct occurring after the effective date of the Act, *i.e.*, GMC's attempt in 1980 to terminate the agreement without showing good cause for doing so.

The court in *Anderson's Vehicle Sales, Inc. v. OMC-Lincoln* (1979), 93 Mich. App. 404, 287 N.W.2d 247, followed the reasoning that McAleer urges upon us. In that case, the parties entered their agreement prior to July 11, 1978, the effective date of a franchise act which required 60 days'

written notice for the termination of such an agreement. OMC-Lincoln gave notice on July 5, 1978, with termination to occur on August 5, 1978. Under those circumstances, said the court, there was no retroactivity problem. OMC-Lincoln's termination without giving 60 days' notice occurred after the effective date of the Act. Other supporting authority cited by McAleer came to a similar result.

We do not agree, however, with the reasoning used in the *Anderson's Vehicle Sales, Inc.* case. The Illinois Supreme Court has defined a retroactive law as:

> " '* * * one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past.' " (*United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 142, 204 N.E.2d 4, 6.)

Thus, retroactivity is defined in terms of the effect a law would have on vested contractual rights, not in terms of the time when a party happens to assert those rights.

■■ At the time this franchise agreement was entered, there was no statute forbidding nonrenewal of it without showing good cause. Nor was there case law to that effect. Although McAleer has cited some cases requiring *good faith* for termination of a contractual relationship (*e.g., Bishop v. Bloomington Canning Co.* (1923), 307 Ill. 179, 183 N.E. 597), these cases cannot be viewed as requiring *good cause* for *nonrenewal* of an agreement. Thus, when GMC and McAleer entered this agreement, each party acquired the right to refuse to renew it without showing good cause. To require GMC to make such a showing would impose a new duty in respect of a transaction already past and would therefore constitute a retroactive application of the Illinois Motor Vehicle Franchise Act.

We also note that a number of courts in other jurisdictions have said that a franchise act is being retroactively applied to contracts entered before its effective date even if the offensive conduct occurred after that date. *Fornaris v. Ridge Tool Co.* (1st Cir. 1970), 423 F.2d 563, *rev'd on other grounds* (1970), 400 U.S. 41, 27 L. Ed. 2d 174, 91 S. Ct. 156; *Ward v. Chevron U.S.A. Inc.* (Ariz. App. 1979), 123 Ariz. 208, 598 P.2d 1027; *Yamaha Parts Distributors Inc. v. Ehrman* (Fla. 1975), 316 So.2d 557; *Shell Oil Co. v. Marinello* (1973), 63 N.J. 402, 307 A.2d 598, *cert. denied* (1974), 415 U.S. 920, 39 L. Ed. 2d 475, 94 S. Ct. 1421; *Wipperfurth v. U-Haul Co. of Western Wisconsin, Inc.* (Wis. App. 1980), 98 Wis. 2d 516, 297 N.W.2d 65.

The rule against giving a statute retroactive application is grounded at least in part upon the constitutional guarantee against the impairment of the obligation of contracts—a guarantee that could be violated if a law

enacted subsequent to a party's acquiring constitutional rights were applied to that contract. (*Champaign County Bank & Trust Co. v. Jutkins* (1963), 29 Ill. 2d 253, 193 N.E.2d 779; *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 193 N.E.2d 844; *Anderson v. Board of Education* (1945), 390 Ill. 412, 61 N.E.2d 562.) Suffice it to say that requiring GMC to renew—perhaps for years—a relationship which it had a contractual right not to renew would be a substantial impairment of GMC's contractual rights, bringing into question the constitutionality of the Act. See *Allied Structural Steel Co. v. Spannaus* (1978), 438 U.S. 234, 57 L. Ed. 2d 727, 98 S. Ct. 2716.

Although a few courts have ruled otherwise, the great weight of authority is that retroactive application of a franchise law similar to the Illinois Act would constitute an unconstitutional impairment of the obligation of contracts in violation of article I, section 10, of the United States Constitution. See, *e.g.*, *Ward v. Chevron U.S.A. Inc.* (Ariz. App. 1979), 123 Ariz. 208, 598 P.2d 1027; *Globe Liquor Co. v. Four Roses Distillers Co.* (Del. 1971), 281 A.2d 19; *United States Brewers' Association, Inc. v. State* (1974), 192 Neb. 328, 220 N.W.2d 544; *Wipperfurth v. U-Haul Co. of Western Wisconsin, Inc.* (Wis. App. 1980), 98 Wis. 2d 516, 297 N.W.2d 65.

■■ When two constructions of a law are possible and one of them would perhaps render the statute unconstitutional, courts will give the law the construction which avoids the constitutional problem. (*Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 359 N.E.2d 125.) Our decision to give the Illinois Motor Vehicle Franchise Act only prospective application is, of course, in conformity with this rule of construction.

We therefore reverse the trial court's order granting McAleer's request for a preliminary injunction and remand the case for proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

GREEN and WEBBER, JJ., concur.