MARQUETTE NATIONAL BANK, Plaintiff and Counterdefendant-Appellee, *v.* JACK J. LOFTUS *et al.*, Defendants and Counterplantiffs-Appellants—(Jack J. Loftus *et al.*, Indiv. and on behalf of Jack Loftus Ford, Inc., Third-Party Plaintiffs-Appellants, *v.* Ford Motor Company *et al.*, Third-Party Defendants-Appellees).

First District (4th Division)   No. 82—1892

Opinion filed July 28, 1983.—Rehearing denied September 16, 1983.

Francis B. Stine, of Chicago, for appellants.

Michael R. Feagley, Michele Odorizzi, Priscilla P. Weaver, and Dennis R. Freedman, all of Mayer, Brown & Platt, of Chicago, for appellees Ford Motor Company *et al.*

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Jack Loftus, major owner of Loftus Motors, sued Ford Motor Company for violations of the Motor Vehicle Franchise Act. (Ill. Rev. Stat. 1979, ch. 121½, par. 751 *et seq.*) The trial court dismissed the claim. We affirm, holding that the Act did not apply to a franchise agreement which pre-existed the statute although the acts in question occurred after its enactment.

In 1970 Ford Motor Company entered into a series of contracts including a franchise contract, a dealer development agreement and a management contract under which Loftus became the dealership's general manager. In 1979 Loftus owned an 81% interest in the dealership and Ford 19%. In November 1979 Ford, through its agents on the board of Loftus Motors, terminated Loftus as officer, director and employee of the dealership, and then proceeded to liquidate the assets, allegedly failing at that time to require Ford to repurchase inventory it was required under the franchise agreement to repurchase. Loftus has sued Ford, *inter alia*, under the Motor Vehicle Franchise Act, which became effective in June 1979. The court dismissed this claim of Loftus with prejudice holding the statute could not be applied retroactively because such application would be an unconstitutional impairment of contract. Loftus appeals under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)).

It is difficult indeed to see how applying the Illinois statute could be an impairment of contract in light of the fact that, according to the express terms of the contract, it was a Michigan contract, controlled by Michigan law; the Michigan statute contains provisions similar to those sued upon in this case (Mich. Comp. Laws sec. 445.522; Mich. Stat. Ann. sec. 18.856[2]); the Michigan statute is, under Michigan law, applicable to conduct occurring in 1979 even though the agreement pre-existed the statute (*Anderson's Vehicle Sales, Inc. v. OMC-Lincoln* (1979), 93 Mich. App. 404, 287 N.W.2d 247), and, accordingly, the Michigan statute must be read into the franchise agreement.

(*Schiro v. W. E. Gould & Co.* (1960), 18 Ill. 2d 538, 165 N.E.2d 286; *Flood v. Country Mutual Insurance Co.* (1967), 89 Ill. App. 2d 358, 232 N.E.2d 32.) But that issue need not be decided because under Illinois law the Illinois statute cannot be applied retroactively.

■ Under the most recent Illinois Supreme Court pronouncements a statute can only be applied retroactively if there is an express statutory provision stating an act is to have retroactive effect. (*Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 426 N.E.2d 824; *In re Estate of Krotzsch* (1975), 60 Ill. 2d 342, 326 N.E.2d 758.) Since there is no such language in the statute, it would be improper for this court to apply the statute retroactively even if, as Loftus contends, it were clear from the legislative history that the legislature expected the statute to be applied to existing franchises.

■ We are aware that Michigan, in *Anderson*, held that applying the statute to conduct occurring after the effective date of the statute was not a retroactive application even though the franchise agreement pre-existed the statute. But Illinois law is to the contrary:

> "McAleer does not dispute the fact that Illinois courts engage in a strong presumption that laws will be applied prospectively only, nor does it contend that the General Assembly has expressed an intent that the Franchise Act should be retroactively applied. Rather, McAleer contends that the trial court has not applied the Act retroactively because it has applied it only to conduct occurring after the effective date of the Act, *i.e.*, GMC's attempt in 1980 to terminate the agreement without showing good cause for doing so.
>
> The court in *Anderson's Vehicle Sales, Inc. v. OMC-Lincoln* (1979), 93 Mich. App. 404, 287 N.W.2d 247, followed the reasoning that McAleer urges upon us. In that case, the parties entered their agreement prior to July 11, 1978, the effective date of a franchise act which required 60 days' written notice for the termination of such an agreement. OMC-Lincoln gave notice on July 5, 1978, with termination to occur on August 5, 1978. Under those circumstances, said the court, there was no retroactivity problem. OMC-Lincoln's termination without giving 60 days' notice occurred after the effective date of the Act. Other supporting authority cited by McAleer came to a similar result.
>
> We do not agree, however, with the reasoning used in the *Anderson's Vehicle Sales, Inc.* case. The Illinois Supreme Court has defined a retroactive law as:
>
> ' " '*** one that takes away or impairs vested rights ac-

quired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past.' " ' *(United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 142, 204 N.E.2d 4, 6.)

Thus, retroactivity is defined in terms of the effect a law would have on vested contractual rights, not in terms of the time when a party happens to assert those rights." *McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 112-13, 419 N.E.2d 608, 609-10.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.