**LIBERTYVILLE DATSUN SALES, INC., Plaintiff-Appellant,**

v.

**NISSAN MOTOR CORPORATION IN U.S.A., Defendant-Appellee.**

**No. 85–1204.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1985.

Decided Nov. 4, 1985.

Thomas J. Russell, Mitchell, Russell & Kelly, Chicago, Ill., for plaintiff-appellant.

John P. Lynch, Kevin A. Russell, Latham & Watkins, Chicago, Ill., for defendant-appellee.

Before POSNER and FLAUM, Circuit Judges, and SWYGERT, Senior Circuit Judge.

FLAUM, Circuit Judge.

Libertyville Datsun Sales, Inc. appeals the dismissal of its claim by the district court. We dismiss the appeal, affirm the judgment below, and award attorney's fees to the defendant-appellee.

### I.

Libertyville Datsun ("Libertyville") became an authorized Datsun Dealer on May 11, 1979 pursuant to a "Datsun Dealer Sales and Service Agreement" executed by Libertyville and the Nissan Motor Corporation in U.S.A. ("Nissan"). Nearly fifty days later, on June 29, 1979, the Illinois Motor Vehicle Franchise Act, Ill.Rev.Stat. ch. 121½, §§ 751 *et seq.*, (the "Act") became effective. Simply put, that statute provides that a franchisor, such as Nissan, shall not grant an additional franchise, or

relocate an existing franchise, of the same line or make in the relevant market area previously granted to another franchisee. Nissan notified Libertyville that it intended to relocate another Datsun franchise within ten miles of the Libertyville location and Libertyville then brought this action on October 23, 1984, under section 754(e)(8) of the Act in an attempt to enjoin the proposed relocation of the other authorized Datsun dealer. Prior to the filing of this suit, but nearly three years after the effective date of the Act, Nissan and Libertyville executed an amendment to "Article Third(a)" [sic] of the Agreement (the "Amendment") reflecting that James E. Gustafson, who had previously owned 100% of the stock of Libertyville, had transferred 10% of that stock to Glenn J. Bockwinkel and had hired Mr. Bockwinkel to be the company's executive manager. On November 21, 1984 Nissan moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint did not state a claim because it relied on a retroactive application of the Act.

In lieu of responding to the motion to dismiss, Libertyville moved to stay further proceedings pending the decision of the Illinois Appellate Court in *Fireside Chrysler-Plymouth Mazda, Inc. v. Chrysler Corp.*, 129 Ill.App.3d 575, 84 Ill.Dec. 724, 472 N.E.2d 861 (1st Dist.1984), *leave to appeal denied* (April 2, 1985). In *Fireside Chrysler-Plymouth*, the plaintiff automobile dealer had argued that the Act could be applied retroactively so as to alter vested contractual rights and that earlier Illinois cases which had held to the contrary, such as *Marquette National Bank v. Loftus*, 117 Ill.App.3d 771, 73 Ill.Dec. 267, 454 N.E.2d 11 (1st Dist.1983) and *McAleer Buick-Pontiac Co. v. General Motors Corp.*, 95 Ill.App.3d 111, 50 Ill.Dec. 500, 419 N.E.2d 608 (4th Dist.1981), were wrongly decided. In Libertyville's motion to stay the proceedings, it informed the district court that the issue raised by Nissan's motion to dismiss the complaint would be decided in *Fireside Chrysler-Plymouth*. The district court therefore granted Libertyville an extension of time in

which to respond to Nissan's motion to dismiss.

On December 13, 1984, the Illinois Appellate Court held, consistent with its earlier holdings in *Marquette National Bank* and *McAleer Buick-Pontiac*, that the Act could not be applied retroactively so as to impair vested contractual rights. *Fireside Chrysler-Plymouth, supra*, 129 Ill.App.3d at 581–82, 84 Ill.Dec. 724, 472 N.E.2d 861. Libertyville then filed a response to Nissan's motion to dismiss in which it argued that the Agreement was "silent as to any restriction upon the sales locality or market area for which Libertyville Datsun can operate its business" and that, consequently, application of the Act to Nissan did not impair its vested contractual rights and was not retroactive. Libertyville did not argue then, as it does now on appeal, that the Amendment to Article Third(a) of the Agreement had the effect of "re-executing" the Agreement after the effective date of the Act. In its response to the motion to dismiss, Libertyville conceded that "the parties entered into a franchise agreement on May 11, 1979, which was six weeks prior to the effective date of the Act."

In reply, Nissan attempted to rebut the argument advanced by Libertyville by showing that the application of the Act to Nissan would impair its vested contractual rights. On January 7, 1985, the district court dismissed the complaint, citing its earlier decision in *North Broadway Motors, Inc. v. Fiat Motors of North America, Inc.*, No. 84 C 2007 (N.D.Ill. September 4, 1984) and entered final judgment in favor of Nissan.

II.

Libertyville argues on appeal that the district court erred in granting Nissan's motion to dismiss because it "overlooked" the Amendment to the Agreement. Libertyville argues that the Amendment constituted a substantial enough change in its management and ownership so that the Amendment "replaces" the Agreement, and the date of its ratification, under Illinois law. However, before this court Lib-

ertyville does not argue, and thereby abandons, the argument it pursued in the district court. *See Bugg v. International Union of Allied Industrial Workers, Local 507*, 674 F.2d 595, 598 n. 4 (7th Cir. 1982), *cert. denied*, 454 U.S. 805, 103 S.Ct. 29, 74 L.Ed.2d 43 (1983). In *Bugg*, we held that "because these issues were not presented in the plaintiff's initial brief, they are not properly before this court." *See also Haroco v. American National Bank and Trust Co. of Chicago*, 747 F.2d 384, 402 n. 21 (7th Cir.1984), *aff'd*, —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *Cannon v. Teamsters & Chauffeurs Union, Local 627*, 657 F.2d 173, 177–78 (7th Cir.1981); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438, 440 (5th Cir.1980).

Because Libertyville is presenting a new argument on appeal, Nissan claims that Libertyville's appeal must be dismissed. Libertyville argues that it can raise its argument based on the Amendment because the general issue before the district court was whether Libertyville's complaint stated a cause of action. Because the complaint sought injunctive relief based on the Act, Libertyville alleges that the issue of whether the date of the Amendment was constructively the date of the Agreement was before the district court.

First, the district court need not investigate the evidence for arguments that might possibly support Libertyville's claim: it was the *plaintiff's* responsibility to raise the *arguments* that it seeks to use now on appeal. As we said in *Desert Place, Inc. v. Salisbury*, 401 F.2d 320, 324 (7th Cir.1968), where we dismissed an appeal because the theory propounded by the plaintiff-appellant had not been presented to the district court:

> In our view, a trial judge may properly depend upon counsel to apprise him of the issues for decision. He is not obligated to conduct a search for other issues which may lurk in the pleadings.

*Desert Place, Inc. v. Salisbury*, 401 F.2d at 324.

There are "narrow exceptions" to the rule that a ground for reversal cannot be presented for the first time on appeal, " 'where jurisdictional questions are presented or where, in exceptional cases, justice demands more flexibility.' " *International Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 225 (7th Cir.1981), (quoting *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1333 (7th Cir.), *cert. denied*, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977)). However, the arguments that Libertyville now seeks to raise are not jurisdictional and the circumstances of this appeal are simply not exceptional.

It is not enough that the "general issue" of the Act and the Agreement with attached Amendment were before the district court. The *arguments* that are specifically based *on* the Amendment must also be presented to the court. In these circumstances, we have held clearly and repeatedly that "[i]t is axiomatic that arguments not raised below are waived on appeal." *Christmas v. Sanders*, 759 F.2d 1284, 1291 (7th Cir.1985); *See also City of Chicago v. United States Department of Labor*, 753 F.2d 606, 607 n. 1 (7th Cir.1985); *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984); *Casualty Indemnity Exchange v. Village of Crete*, 731 F.2d 457, 458 (7th Cir.1984); *Keene Corp. v. International Fidelity Insurance Co.*, 736 F.2d 388, 393 (7th Cir. 1984); *Exxon Corp. v. Exxene Corp.*, 696 F.2d 544, 549 (7th Cir.1982); *accord, Rock Island Bank v. Aetna Casualty & Surety Co.*, 692 F.2d 1100, 1105 (7th Cir.1982) ("The theory now being urged was never presented to the district court, and hence is deemed waived for purposes of appeal"); *United States v. Home Indemnity Co.*, 489 F.2d 1004, 1007–08 (7th Cir.1973) ("Regardless of the merits or motives for this manipulation of the facts and dates, we are certain taht the underlying theory cannot be asserted for the first time on appeal"); *Desert Place, Inc. v. Salisbury*, 401 F.2d at 322–24 ("This 'tortious act' theory was not presented to or acted upon by the trial court and cannot be properly considered here"); *Wagner v. Retail Credit Co.*, 338 F.2d 598, 601–02 (7th Cir.1964) ("Defendant cannot be permitted to shift its theory after it arrives in this court").

## III.

Because the weight of this authority is substantial and its language clear, we hold that Libertyville's appeal to this court is frivolous. We award attorney's fees and costs to defendant-appellee, dismiss the appeal, and affirm the judgment below.