(No. 47459, 47460, 47585 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. LYNN A. FARR *et al.*, Appellees.

*Opinion filed March 18, 1976.—Rehearing denied May 27, 1976.*

210

Nos. 47459, 47460.—

No. 47585.—

William J. Scott, Attorney General, of Springfield, and Patrick J. Corcoran, State's Attorney, of Carthage (James B. Zagel, Jayne A. Carr, and Brian A. David, Assistant Attorneys General, of Chicago, of counsel), for the People.

Stanley L. Tucker and John R. Glidden, of Hartzell, Glidden & Tucker, of Carthage, for appellees Lynn A. Farr and Richard D. Jacob.

Pedderson, Menzimer, Conde, Stoner, Ferolie, Spelman & Killoren, of Rockford (Lawrence J. Ferolie, of counsel), for appellee George Andrew.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The People appealed directly to this court (Rule 302(a)) from two judgments of the circuit court of Hancock County (Nos. 47459 and 47460) and the judgment of the circuit court of Winnebago County (No. 47585) holding unconstitutional section 11–501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11–501.1(d).

In separate and unrelated occurrences the defendants, Lynn A. Farr, Richard D. Jacob and George Andrew, were arrested and charged with driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1973, ch. 95½, par. 11–501). In pertinent part, section 11–501.1(a) of the Illinois Vehicle Code (par. 11–501.1(a)) provided that under certain circumstances the driver of a motor vehicle impliedly consented to take a breath analysis test "to determine the alcoholic content of his blood." It provided that the arresting officer was to advise the arrested person, both orally and by means of a printed notice, of his implied consent to take the test and the consequences of his refusal to do so. In the event of refusal to submit to the test, section 11–501.1(d) (par. 11–501.1(d)) provided that the arresting officer file with the clerk of the circuit court for the county in which the arrest was made a sworn statement setting forth certain prescribed information concerning the arrest and the refusal to take the test. It provided that the sworn statement should include:

"*** a statement that the arresting officer had reasonable cause to believe the person was driving the motor vehicle within this State while under the influence of intoxicating liquor and that such test was made as an incident to and following the lawful arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal code, and that the person, after being arrested for an offense arising out of acts alleged to have been committed while so driving refused to submit to and complete a test as requested orally and in writing as provided in paragraph (a) of this Section."

Section 501.1(d) further provided that upon the filing of the sworn statement:

"The Clerk shall thereupon notify such person in writing that his privilege to operate a motor vehicle will be suspended unless, within 28 days from the date of mailing of the notice, he shall request in writing a hearing thereon. If such person fails to request a hearing within such 28 day period, the Clerk shall so notify the Secretary of State who shall automatically suspend such person's driver's license *** as provided in Paragraph (a) of this Section.

If such person desires a hearing, he shall petition the Circuit Court for and in the county in which he was arrested for such hearing. Such hearing shall proceed in the Court in the same manner as other civil proceedings, except that the scope of such proceedings shall cover only the issues of whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer.

Immediately upon the termination of the Court proceedings, the Clerk shall notify the Secretary of State of the Court's decision. The Secretary of State shall thereupon suspend the driver's license *** of the arrested person if that be the decision of the Court. If the Court

recommends that such person be given a restricted driving permit to prevent undue hardship, the Clerk shall so report to the Secretary of State."

In each instance defendant filed a petition for hearing and subsequently a motion to dismiss the proceeding on the ground that section 11—501.1(d) was unconstitutional for the reason that it violated section 1 of article II of the Constitution of 1970, which provides:

"SECTION 1. SEPARATION OF POWERS

The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another."

The circuit courts allowed defendants' motions, entered judgments of dismissal and these appeals followed.

Defendants contend: "The Secretary of State, as an executive officer, is vested with the power to suspend drivers' licenses, and the statute in question attempts to take that power from the Secretary and delegate it to the judiciary"; "Suspension of a driver's license is an administrative matter, civil in nature, and not an exercise of judicial power"; "The statute requires the court to determine whether the license should be suspended, and to exercise discretion properly committed to the Secretary of State."

The People, of course, contend that the statute does not violate section 1 of article II of the Constitution.

In *City of Waukegan v. Pollution Control Board*, 57 Ill.2d 170, 174-75, this court, after extensive examination of its earlier decisions and the proceedings of the 1970 Constitutional Convention said: "It has been generally recognized that separation of powers does not forbid every exercise of functions by one branch of government which conventionally are exercised by another branch. Professor Frank Cooper (1 F. Cooper, State Administrative Law 16 (1965)) observes: '[T]he real thrust of the separation of powers philosophy is that each department of government must be kept free from the control or coercive influence of the other departments.' "

Assuming, *arguendo,* that the General Assembly could enact valid legislation authorizing the Secretary of State to decide the questions which, under section 11—501.1(d), are to be determined by the circuit court, that fact would not *per se* render section 11—501.1(d) invalid. "It has been held from the outset, however, that the doctrine of separation of powers does not inexorably preclude one of the three departments of government from exercising powers which could also be given to another department." *Board of Education v. Nickell,* 410 Ill. 98, 104.

We do not agree with defendants that the statute delegates to the judiciary either the power to suspend drivers' licenses or the discretion to determine whether such licenses should be suspended. The statute provides that in a hearing which "shall proceed in the Court in the same manner as other civil proceedings," the court shall determine "whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer." The statute is explicit that if the court so finds, the Secretary of State "shall thereupon suspend" the license. We note parenthetically that sections 6—306(d) and 7—303(a) of the Illinois Vehicle Code also provide for mandatory suspension of a driver's license upon receipt by the Secretary of State of appropriate notice from a clerk of a circuit court. The fact that in this instance the clerk of the circuit court is directed to report to the Secretary of State that the court recommends that the affected driver "be given a restricted driving permit to prevent undue hardship" is of no significance and serves neither to expand nor to restrict the discretionary powers conferred

upon the Secretary of State under other sections of the Illinois Vehicle Code.

We find apposite here the following statement from *Bell v. Burson,* 402 U.S. 535, 542, 29 L. Ed. 2d 90, 96, 91 S. Ct. 1586, 1591: "While 'many controversies have raged about *** the Due Process Clause,' *ibid.,* it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective." The section under attack is part of a statutory scheme which requires the holder of a driver's license to impliedly consent to submit to a breath analysis test and provides sanctions in the event of his refusal to do so. The General Assembly apparently concluded that it was preferable that the determination "whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer" be made in a judicial hearing rather than an administrative proceeding. This court has consistently held that whether the course chosen by the General Assembly is wise or whether it is the best means to achieve the desired result is not a proper subject of judicial inquiry. *Bridgewater v. Hotz,* 51 Ill.2d 103; *Schreiber v. County of Cook,* 388 Ill. 297; *Stewart v. Brady,* 300 Ill. 425.

We hold that the statute is not violative of section 1 of article II of the Constitution. The judgments of the circuit courts of Hancock and Winnebago Counties are reversed, and the causes are remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*