THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RAMON A. ORTEGA, Defendant-Appellee.

First District (2nd Division)    No. 80-1860

Opinion filed May 18, 1982.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Warren A. Zimmerman, Assistant State's Attorneys, of counsel), for the People.

Joseph L. Goldberg, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:
The State appeals from an order of the circuit court following a hearing held pursuant to section 11—501.1 (Ill. Rev. Stat. 1979, ch. 95½,

par. 11—501.1) ("implied consent law") of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 1—100 *et seq.*) ("Code"). Two issues are presented on appeal, namely, whether the judgment appealed from is sufficiently of record to warrant the exercise of appellate jurisdiction, and whether the trial court properly dismissed the charge pursuant to the implied consent law. For the following reasons, we reverse and remand the cause to the trial court.

On February 18, 1980, at 1:55 a.m., defendant, Ramon Ortega, was arrested for driving a motor vehicle while under the influence of intoxicating liquor. The report and affidavit of the arresting officer, filed with the clerk of the circuit court, certified: that defendant struck a parked vehicle and had the strong odor of alcohol on his breath; and that defendant wilfully refused to submit to the breath analysis tests when requested to do so in accordance with the implied consent law, after being informed of the possible consequences of his refusal. Pursuant to section 11—501.1(d) of the Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)) the clerk of the circuit court provided defendant with written notice that his driver's license would be suspended unless he requested a hearing at which specific issues would be determined.

Defendant requested a hearing and moved to dismiss the charges contending that the implied consent law was unconstitutional. At the close of the hearing on June 11, 1980, the court orally stated: that the constitutionality or unconstitutionality of the implied consent law had no bearing on the charge of driving under the influence of alcohol; that the issue before the court was whether the State would proceed with an implied consent hearing; that the statutory admonitions were confusing; and, that there was no statutory standard under which the Secretary of State could exercise his authority to suspend licenses. The court ordered "that the Petition submitted by the State against Defendant * * * for failure to submit to a breath test be stricken. However, the charge of 11—501 must remain and has no bearing on the Implied Consent law." The court then set a "trial date" for August 21, 1980. The clerk of the court noted on a form entitled "Court Action and Other Orders" that the hearing was continued to August 21, 1980.

On June 25, 1980, the State filed its notice of appeal from the June 11, 1980, order. On December 9, 1980, the appellate court, pursuant to defendant's motion, dismissed the appeal for the failure of appellant to incorporate a copy of the judgment of June 11, 1980, with a proper certificate by the clerk of the court to show that it embodies an official record. The State made a motion to reconsider the dismissal and attached a copy of an order, identified as exhibit B, signed by the trial judge but not certified by the clerk of the circuit court, dismissing all charges filed

against defendant pursuant to the implied consent law. This court reinstated the appeal.

# I

Defendant moves to dismiss for the appellant's failure to incorporate within the record an appealable order, urging that an opinion not made a part of a judgment order is not appealable. In addition, defendant contends that to secure a review of a judgment, such judgment must be shown in the record filed with the appellate tribunal, which is done by incorporating a copy of it with a proper certificate by the clerk to show that it portrays an official record, and there can be no substitute for this requirement. We disagree.

■■■ Hearings under the implied consent law are civil in nature and the rules governing civil appeals are applicable. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d); 73 Ill. 2d R. 301 *et seq.; People v. Malloy* (1979), 76 Ill. 2d 513, 519, 395 N.E.2d 381.) Whereas certification is designed to assure the accuracy of the record, it is not a jurisdictional requirement. (*Ray v. Winter* (1977), 67 Ill. 2d 296, 302-03, 367 N.E.2d 678; *People v. Marbly* (1980), 85 Ill. App. 3d 935, 937, 407 N.E.2d 721.) Failure to file an order does not affect its validity. (*Landis v. Miles Homes Inc.* (1971), 1 Ill. App. 3d 331, 335, 273 N.E.2d 153; Ill. Ann. Stat., ch. 110A, par. 272, Historical and Practice Notes, at 210 (1981 Supp.).) The rendition of a judgment is the judicial act by the court at the time it makes its pronouncement and entry of the judgment on the record is simply a ministerial act performed by the clerk. *In re Estate of Young* (1953), 414 Ill. 525, 533, 112 N.E.2d 113.

■■ It is apparent from the certified transcript that the order of June 11, 1980, rendered by the court was a final judgment which terminated all further proceedings under the implied consent law. Since the timeliness of the State's notice of appeal is not disputed, this is not a controversy involving the application of Supreme Court Rule 272 (73 Ill. 2d R. 272). (See *West v. West* (1979), 76 Ill. 2d 226, 390 N.E.2d 880.) More importantly, defense counsel does not challenge either the accuracy or the authenticity of the signed written order identified as exhibit B[1] or the certified transcript of proceedings. In view of the particular circumstances of this case, we conclude that the June 11 order as reflected in the certified transcript

---

[1] The State alleges that the order was not certified because defense counsel, after submitting and obtaining the judge's signature thereon, did not see that the signed judgment was filed with the clerk of the circuit court. Counsel for defendant does not appear to contest this allegation, and maintained at oral argument that although defense counsel thought such an order indeed had been prepared, counsel had no duty to do anything further.

of proceedings was of record in accordance with Supreme Court Rule 321 (73 Ill. 2d R. 321) and constitutes a final appealable judgment under Rule 301 (73 Ill. 2d R. 301). See *Ray v. Winter* (1977), 67 Ill. 2d 296, 302-03; *In re Estate of Young* (1953), 414 Ill. 525, 533; but see *Jones v. City of Carterville* (1950), 340 Ill. App. 330, 91 N.E.2d 604.

## II

■■ The trial court dismissed all further proceedings pursuant to the implied consent law for reasons never succinctly articulated. Defendant supports the court's decision by attacking, on a variety of grounds, the validity and constitutionality of the implied consent law. Defendant maintains that the law creates the "hopeless dilemma" of the arresting officer being required to warn defendant that his driver's license *may* be suspended under section 11—501.1(a) (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(a)) when the Secretary of State ("Secretary") *must* suspend the license under section 11—501.1(d) (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)). Defendant's position is untenable. Suspension shall occur under section 11—501.1(d) only if either the arrestee fails to request a hearing or upon termination of such a hearing "if that be the decision of the Court." Hence the officer's warning that refusal to submit to the breath tests "may" result in suspension of the driver's license was in accord with other statutory provisions.

Next, defendant urges that the officer's warning was inconsistent with a statutory requirement concerning one of the issues to be covered at the implied consent hearing. Specifically, defendant observes that the arrestee must be advised under section 11—501.1(a) that refusal to submit to the analyses *may* result in license suspension; whereas, section 11—501.1(d) requires that the implied consent hearing contemplate, among other things, the issue of whether arrestee was informed that his license *would* be suspended if he refused to submit to the test.

This same argument was considered in depth and rejected in *People v. Malloy* (1980), 83 Ill. App. 3d 344, 347, 403 N.E.2d 1221, where the court held that there was no substantive difference in the uses of "may" and "would" for purposes of these provisions in the implied consent law. We follow the holding in *Malloy* and find that the challenged provisions are in harmony.

Defendant's assertion that the Code does not vest the Secretary with power and duties, and jurisdiction of administering the implied consent law is in error. Section 2—104(a) (Ill. Rev. Stat. 1979, ch. 95½, par. 2—104(a)) provides that the Secretary is "charged with the duty of observing, administering and enforcing the provisions of this Act." The "Act" is the Illinois Vehicle Code, of which the implied consent law,

included within chapter 11, is a part. See Ill. Rev. Stat. 1979, ch. 95½, par. 1—100; *People v. Farr* (1976), 63 Ill. 2d 209, 347 N.E.2d 146.

Defendant contends that the implied consent law violates the Illinois Constitution and the fourteenth amendment to the United States Constitution by reason of being vague and indefinite and an unlawful delegation of authority. The Secretary, defendant maintains, is given unfettered discretion to suspend licenses for as long as he pleases up to one year, citing sections 6—208(a) and 11—501.1(d) of the Code (Ill. Rev. Stat. 1979, ch. 95½, pars. 6—208(a), 11—501.1(d)).

The State observes that under section 11—501.1(a) an officer is required to advise the arrestee, among other things, that refusal to take the tests may result in suspension of his license "for 3 months on his first such arrest and refusal and for 6 months on his second and each subsequent such arrest and refusal within 5 years." The State emphasizes that if the arrestee requests a hearing, such hearing must address itself to the issue of whether the arrestee was informed orally and in writing of the warnings specified in subsection (a), among other issues (Ill. Rev. Stat. 1979, ch. 95½, par. 11-501.1(d)). The State urges that the legislature intended to limit any suspension imposed after a hearing to the 3 or 6 month period, described in the warning set forth in subsection (a) and that, therefore, the length of suspension is strictly determined by the person's prior record of arrests and refusals.

Acts of the legislature are presumed constitutional; all reasonable doubts must be resolved in favor of constitutionality. (*Northshore Post No. 21 v. Korzen* (1967), 38 Ill. 2d 231, 233, 230 N.E.2d 833.) Where a statute is subject to two possible constructions one of which may render the statute unconstitutional, the courts will give the law that construction which avoids the constitutional problem. (*McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 114, 419 N.E.2d 608.) Provisions of a statute must be construed in light of the statute as a whole (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 135, 398 N.E.2d 823), and to effectuate the intent of the legislature. (*People v. McCoy* (1976), 63 Ill. 2d 40, 44-45, 344 N.E.2d 436.) In view of these authorities, we adopt the construction advocated by the State and hold that the Secretary's authority to suspend licenses after a hearing under the implied consent law is limited to the specific periods of time described in the officer's warning set forth in section 11—501.1(a), which depend upon the person's prior record of refusals.

■■ The Secretary is required to suspend the license of a person who fails to request an implied consent hearing, applying the limitations set forth in section 11—501.1(a), or upon termination of such a proceeding held pursuant to a request "if that be the decision of the Court" under section

11—501.1(d). The implied consent law is not unconstitutionally vague and does not impermissibly delegate authority to the Secretary (see *People v. Farr* (1976), 63 Ill. 2d 209, 347 N.E.2d 146), since the law satisfactorily circumscribes the Secretary's authority to suspend licenses pursuant thereto.

Defendant maintains, in effect, that section 6—206(a)(17) is unconstitutional or invalid, because the provision purportedly gives the Secretary absolute discretion over whether to suspend or revoke the licenses of certain persons.

The pertinent part of section 6—206 provides:

"(a) The Secretary of State is authorized to *suspend or revoke* the license, permit or driving privileges of any person without preliminary hearing upon a showing by his records or other sufficient evidence that such person:
* * *

17. Has refused to submit to a test as required under Section 11—501.1 of this Act and such person has not sought a hearing as provided for in Section *11—501* of this Act." (Emphasis added.)[2]

Simply because under section 6—206(a) the Secretary is given authority to suspend "or" revoke licenses if the conditions specified in any of the 20 subsections listed therein are met does not necessarily give him authority to suspend "and" revoke in every enumerated instance.

■■ The word "or" in section 6—206(a) is to be given its plain and ordinary meaning; it indicates that the various parts of the sentence are to be considered separately. (See *People v. Vraniak* (1955), 5 Ill. 2d 384, 389, 125 N.E.2d 513; *People v. Butler* (1979), 78 Ill. App. 3d 809, 817, 396 N.E.2d 1374.) The word "or" here refers to the implied consent law which provides the Secretary with the authority and obligation to suspend licenses under the circumstances specified; it does not empower him with authority to revoke. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1 *et seq.*) Our reading of section 6—206(a)(17), in conjunction with section 11—501.1, the implied consent law, leads to the conclusion that suspension of licenses does not encompass the power of revocation in this instance.

■■ Defendant's contention that the implied consent law is invalid for its purported failure to provide a penalty must be rejected. The law validly

---

[2] The reference in 6—206(a)(17) to section 11—501, which creates a misdemeanor offense, namely, driving under the influence of intoxicating liquor, enforceable by the State through its criminal justice apparatus, was recently amended with the only pertinent change being the substitution of section "11—501.1" for section "11—501." (Pub. Act 82-311.) The amendment's reference to section 11—501.1 is in accord with section 6—206(a) since the implied consent law allows persons who refused to take the tests the right to request a hearing, provision for which is set forth in section 11—501.1, not 11.501. The amendment demonstrates that the legislature intended to refer to the implied consent law, section 11.501.1, the same statute cited within the sentence.

and competently provides specific sanctions for those who offend its terms, as the foregoing discussion reveals.

For the given reasons, the trial court's order is reversed and the cause remanded for a hearing pursuant to the implied consent law.

Reversed and remanded.

DOWNING and PERLIN, JJ., concur.