THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RAYMOND LAZZARA, Defendant-Appellee.

First District (4th Division)   No. 84—2254

Opinion filed June 19, 1986.

678

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter Fischer, and Dana Crowley, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Raymond Lazzara, was arrested for driving while under the influence of alcohol. Subsequently, defendant refused to submit to both field-sobriety and breathalyzer tests. However, defendant pleaded guilty to the charge of driving while under the influence of alcohol and stipulated to the facts as presented by the State. The trial court placed defendant on supervision and fined him $600. Immediately thereafter, the court conducted a hearing on the issue of implied consent. After hearing arguments from both parties, the trial judge entered a finding of no probable cause, stating that she was exercising her judicial discretion. The State appeals, contending that the trial court's finding of no probable cause was improper since the implied-consent statute does not vest the trial court with the authority to exercise any discretion where the State has proved that the defendant was arrested for an offense defined in the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 1—100 *et seq.*), where the arresting officer had probable cause to believe that the defendant was driving while under the influence of alcohol, and where defendant pleaded guilty to the charge of driving while under the influence of alcohol. (87 Ill. 2d R. 604(a)(1).) The defendant has not filed a brief in this mater, but we will consider the merit of the State's contentions. *First*

*Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

We reverse.

The following facts were elicited at defendant's trial. At approximately 2:20 a.m., Officer Traje of the Mount Prospect police department was stopped in the right-hand turn lane of southbound Elmhurst Road at Oakton. At that time he observed defendant approaching him from behind at a high rate of speed. Just before reaching the intersection, the defendant locked the wheels on his car and started to slide towards Officer Traje's squad car. In order to avoid being hit by defendant, the officer pulled into the intersection against the red light. After defendant's automobile stopped sliding, defendant continued going westbound on Oakton. Officer Traje then got behind defendant's car and followed him for a short distance. During that time, the police officer observed defendant weaving from the shoulder to the double yellow line and also traveling 65 miles per hour in a posted 45-mile-per-hour zone. Defendant was then stopped at Oakton and Busse Road.

When the officer walked up to defendant's vehicle, he noticed a strong odor of alcohol on defendant's breath. When asked to recite the alphabet, defendant at first answered yes. Then he attempted to recite the alphabet but was only able to do so to the letter E. When asked to exit his vehicle, defendant needed to lean up against the car for support in order to stand. Defendant stated to the officer that he had just left the Charlie Club and was unable to keep his car in one lane of traffic. After making that statement, defendant was taken to the police station. Once there, he was asked to submit to a field-sobriety test and to a breathalyzer test. Defendant refused to take either of the tests. After hearing these facts, the trial court found defendant guilty of driving while under the influence of alcohol, speeding and improper lane usage.

The court then held an implied-consent hearing. During that hearing, defense counsel argued that the only purpose of the implied-consent statute is to aid the State in proving the offense of driving under the influence of alcohol. Defense counsel further maintained that because defendant had pleaded guilty to that offense there was no longer any need to find out whether the implied-consent statute had been violated and there should be a finding of no probable cause. The assistant State's Attorney responded that defendant had admitted his guilt to the charge of driving under the influence of alcohol; and that there was probable cause for the stop; and that defendant had refused to undergo a breathalyzer test. The assistant State's Attorney argued

that pursuant to the statute, it was mandatory that the trial court enter a finding of probable cause for the implied-consent request. However, the trial judge stated that she was going to exercise her discretion and enter a finding of no probable cause. She then stated that the reason for her decision was that the implied-consent statute was only to aid the State in their evidence gathering to prove the charge of driving under the influence of alcohol, and, since defendant had pleaded guilty, there was no need for this aid. The trial judge then entered a finding of no probable cause.

As indicated above, the State contends that the trial court's finding of no probable cause was improper and against the manifest weight of the evidence since the implied-consent statute does not vest the trial court with the authority to exercise any discretion where the State has proved that defendant was arrested for an offense defined in the Illinois Vehicle Code; where the arresting officer had probable cause to believe that defendant was driving while under the influence of alcohol; and where defendant pleaded guilty to the charge of driving while under the influence of alcohol.

The Illinois implied-consent statute, at the time of the present traffic offense, provided that any person who refused a request to submit to a chemical, blood, breath or urine test for the purpose of determining blood-alcohol level will have his driver's license automatically suspended for six months. (Ill. Rev. Stat. 1983, ch. 95½, pars. 11—501.1(a), (c).) An individual could avoid automatic suspension of his license by filing a written request for a hearing within 28 days from the date the notice of suspension was mailed. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).

On February 3, 1984, defendant was mailed a notice of his right to a hearing following the aforesaid arrest for driving while under the influence of alcohol. On February 7, 1984, defendant filed his request for a hearing on the issue of implied consent.

■ The Illinois implied-consent statute does not delegate to the judiciary the power to determine whether a person's driver's license should be suspended. (*People v. Farr* (1976), 63 Ill. 2d 209, 214, 347 N.E.2d 146.) The statute required that if a hearing is requested, the trial court shall determine only whether the formal requirements of the statute have been satisfied. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).) The only elements which had to be satisfied at the implied-consent hearing were the following: (1) whether the person was placed under arrest pursuant to an offense defined in section 11—501 of the Vehicle Code; (2) whether the arresting officer had reasonable grounds to believe that the person was in control of a motor vehicle

while under the influence of alcohol; and (3) whether the person refused to submit to a blood-alcohol test after a request by the arresting officer. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).) If the State satisfied each of the above-outlined elements, it was mandatory that defendant have his driver's license suspended by the Illinois Secretary of State for six months. *People v. Farr* (1976), 63 Ill. 2d 209, 347 N.E.2d 146.

■ The first element was satisfied since the record on appeal reveals that defendant was arrested for driving while under the influence of alcohol. Regarding the second element, our supreme court has held that probable cause exists if the arresting officer has knowledge sufficient to prompt a reasonable man to believe that an offense has been committed and that the person arrested has committed it. (*People v. Moody* (1983), 94 Ill. 2d 1, 7, 445 N.E.2d 275.) As applied to a traffic violation based on section 11—501, the police officer need only have a reasonable belief to form an opinion that, based on his experience, defendant was under the influence of narcotic drugs or alcohol or both. (*People v. Wolsk* (1983), 118 Ill. App. 3d 112, 118, 454 N.E.2d 695.) The police officer who arrested defendant observed that defendant was driving his car 65 miles per hour in a 45-mile-per-hour zone, was unable to keep his vehicle in one lane, emitted a strong odor of alcohol, was unable to recite the alphabet past the letter E and needed to lean up against the vehicle for support in order to stand up. These facts were stipulated to by defendant. We feel that these facts clearly demonstrate that Officer Traje had probable cause to arrest defendant for driving while under the influence.

■ Moreover, defendant pleaded guilty to the charge of driving while under the influence of alcohol. Such a plea is admissible in an implied-consent hearing for it is relevant to the issue of probable cause. (See *People v. Powell* (1982), 107 Ill. App. 3d 418, 419-20, 437 N.E.2d 1258.) Accordingly, defendant stipulated that the police officer had probable cause to arrest him for such an offense.

Regarding the third element, we feel that it has also been satisfied since the police officer asked defendant at the police station if he would take the breathalyzer exam and defendant refused. Again, defendant stipulated to his refusal to take the breathalyzer test. Therefore, the third and final element of the implied-consent statute was satisfied. Under such circumstances, the trial court was required to enter a finding of probable cause.

■ It is evident from the record on appeal that the trial judge disregarded the mandatory nature of the implied-consent statute and instead decided to improperly exercise her discretion and not enter a

finding of probable cause. We feel that the trial court's disregard of such material facts which supported a finding of probable cause was improper and contrary to the law in this State. Therefore, such decision will be reversed. *People v. Creighton* (1985), 137 Ill. App. 3d 952, 485 N.E.2d 547.

For the reasons stated above, the trial court's finding of no probable cause is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINN, P.J., and McMORROW, J., concur.