750 N.E.2d 1271 (2001)
322 Ill. App.3d 1011
255 Ill.Dec. 886
In re C.B., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Shawn Bradley, Respondent-Appellant).
No. 4-01-0008.
Appellate Court of Illinois, Fourth District.
June 14, 2001.
*1272 Daniel B. Kennedy, Champaign, for Shawn Bradley.
John C. Piland, Champaign County State's Attorney, Urbana, Norbert J. Goetten, Director, Robert J. Biderman, Dep. Dir., Jeffrey K. Davison, Staff Atty., State's Attorneys Appellate Prosecutor, Springfield, for the People.
Justice McCULLOUGH delivered the opinion of the court:
Respondent father, Shawn Bradley, appeals from the December 14, 2000, permanency review order of the circuit court of Champaign County. Respondent father challenges the permanency review goal as not being authorized by statute and as being against the manifest weight of the evidence. We dismiss the appeal for lack of jurisdiction.
In earlier appeals by respondent mother, Jessica Tallian, and respondent father, this court affirmed the adjudication of neglect and dispositional order as to C.B. (born July 17, 1999). In re C.B., No. 4-00-0081 (June 27, 2000) (unpublished order under Supreme Court Rule 23); In re C.B., No. 4-00-0082 (June 27, 2000) (unpublished order under Supreme Court Rule 23).
The trial court conducted the adjudicatory hearing on December 6, 1999, conducted the dispositional hearing on January 6, 2000, and entered the written dispositional order on January 11, 2000. Following the June 22, 2000, permanency review hearing, all prior orders were to remain in effect. The permanency goal set for the respondent minor was "remain home." No appeal was taken from that permanency review order.
The trial court conducted a second permanency review hearing on December 14, 2000. At that time, custody was returned to respondent mother, guardianship continued with the Illinois Department of Children and Family Services (DCFS), and the permanency goal was again set at "remain home." In the permanency review order entered December 14, 2000, the trial court did not designate one of the preprinted permanency goals, but it interlineated the handwritten goal of "[x] Remain home." In this appeal, respondent father argues that this is not a statutorily permitted permanency goal and the trial court was without authority to enter said order.
On March 30, 2001, a panel of the Fifth District of this court determined that the provision in section 2-28(3) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-28(3) (West 1998)), which made permanency review orders immediately *1273 appealable, is unconstitutional because it violates the separation-of-powers clause of the Illinois Constitution (Ill. Const.1970, art. II, § 1). In re D.D.H., 319 Ill.App.3d 989, 991-92, 255 Ill.Dec. 251, 749 N.E.2d 31, 33-34 (2001). On April 17, 2001, this court directed the parties to address D.D.H., giving respondent father until May 1, 2001, to file a supplemental brief and the State until May 8, 2001, to file a response. We have now considered the supplemental briefs and agree with the analysis in D.D.H.
"The doctrine of separation of powers does not contemplate that there should be `"rigidly separated compartments"` or `"a complete divorce among the three branches of government."` (Strukoff [v. Strukoff], 76 Ill.2d [53] at 58 [27 Ill.Dec. 762, 389 N.E.2d 1170 (1979) ], quoting In re Estate of Barker (1976), 63 Ill.2d 113, 119 [345 N.E.2d 484].) Nor does the constitution forbid every exercise by one branch of government of functions which are usually exercised by another branch. (People v. Farr (1976), 63 Ill.2d 209, 213 [347 N.E.2d 146], citing City of Waukegan v. Pollution Control Board (1974), 57 Ill.2d 170, 174-75 [311 N.E.2d 146].) The separate spheres of governmental authority may overlap. (County of Kane v. Carlson (1987), 116 Ill.2d 186, 208 [107 Ill.Dec. 569, 507 N.E.2d 482].) Legislative enactments may regulate the court's practice so long as they do not dictate to the court how it must adjudicate and apply the law or conflict with the court's right to control its procedures. (O'Connell v. St. Francis Hospital (1986), 112 Ill.2d 273, 281 [97 Ill.Dec. 449, 492 N.E.2d 1322].) This court has repeatedly recognized that the legislature may impose reasonable limitations and conditions upon access to the courts. Buzz Barton & Associates, Inc. v. Giannone (1985), 108 Ill.2d 373, 383 [91 Ill. Dec. 636, 483 N.E.2d 1271]." McAlister v. Schick, 147 Ill.2d 84, 95, 167 Ill.Dec. 1021, 588 N.E.2d 1151, 1155-56 (1992).
The appealability provision in section 2-28(3) of the Juvenile Court Act encroaches upon the exclusive power of the supreme court to regulate matters of appellate practice and procedure by directing that a nonfinal order is appealable contrary to the rules of the supreme court. See People v. Heim, 182 Ill.App.3d 1075, 1081, 131 Ill.Dec. 703, 538 N.E.2d 1259, 1262 (1989).
Also as in D.D.H., the invalidation of the appealability provision in section 2-28(3) renders this an unauthorized appeal from a nonfinal order, and we dismiss the appeal for lack of jurisdiction.
Appeal dismissed.
MYERSCOUGH and KNECHT, JJ., concur.