*In re* A.M., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.M., Respondent-Appellant).

Second District   No. 2—00—1197

Opinion filed August 16, 2001.

Jay Wiegman, of Wiegman & Farmer, of Somonauk, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Paul Benjamin Linton, of Northbrook, for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent-mother, M.M., appeals from the trial court's September 11, 2000, order changing the permanency goal for her child, A.M., from return home to substitute care, pending a court determination on the termination of respondent's parental rights. The court had determined that respondent's principal problem was her substance abuse, which had led to criminal involvement and the neglect of her minor son, and that respondent had made no progress or reasonable efforts in the return home of her child. The child had been in the protective custody of the Illinois Department of Children and Family Services since October 29, 1997.

On appeal, respondent contends that (1) the trial court's written order failed to comply with the statutory requirements governing permanency hearings, and (2) the trial court's finding that the appropriate permanency goal for the minor was substitute care, pending a court determination on termination of parental rights, was against the manifest weight of the evidence.

The State has filed a motion to dismiss this appeal, which we ordered taken with the case. In its motion the State argues that this court lacks the jurisdiction to consider the appeal because the statu-

tory provision purporting to make any order entered in a permanency hearing immediately appealable is unconstitutional. We agree.

Respondent bases this court's jurisdiction to hear her appeal on section 2—28(3) of the Juvenile Court Act of 1987 (705 ILCS 405/2—28(3) (West 1998)), which provides in pertinent part:

> "Any order entered pursuant to this subsection *** shall be immediately appealable as a matter of right under Supreme Court Rule 304(b)(1)."

However, both the Fourth District (*In re C.B.*, 322 Ill. App. 3d 1011 (2001)) and the Fifth District (*In re D.D.H.*, 319 Ill. App. 3d 989 (2001)) of this court have found that this provision enabling an appeal of a permanency order is invalid because it constitutes an unconstitutional violation of the separation-of-powers clause of our state constitution (Ill. Const. 1970, art. VI, § 6).

In *D.D.H.* the Fifth District initially pointed out that "a permanency goal does not *finally* determine a right or status of a party but instead looks at the anticipated *future* status of the child." (Emphasis in original.) *D.D.H.*, 319 Ill. App. 3d at 991. The court then stated:

> "Generally, only final judgments are appealable as a matter of right. Ill. Const. 1970, art. VI, § 6. Only the supreme court may provide by rule for appeals to the appellate court from nonfinal judgments. The legislature may only regulate the practice and set limits on the time for review. In this case, the legislature attempted to define appellate jurisdiction over a nonfinal order, in violation of our constitution's separation-of-powers clause (Ill. Const. 1970, art. VI, § 6)." *D.D.H.*, 319 Ill. App. 3d at 991-92.

The court determined, therefore, that the provision of section 2—28(3) making a permanency order immediately appealable is invalid. As a result of its determination, the court was left only with an attempt by the respondent to appeal an order that was not final and that was not authorized by the supreme court. Consequently, the court dismissed the appeal for lack of jurisdiction. *D.D.H.*, 319 Ill. App. 3d at 992-93.

In *C.B.*, the Fourth District agreed with the analysis in *D.D.H.* regarding section 2—28(3) and found:

> "The appealability provision in section 2—28(3) of the Juvenile Court Act encroaches upon the exclusive power of the supreme court to regulate matters of appellate practice and procedure by directing that a nonfinal order is appealable contrary to the rules of the supreme court." *C.B.*, 322 Ill. App. 3d at 1013.

The court concluded that the respondent-father's appeal from the trial court's permanency review order constituted an unauthorized appeal from a nonfinal order and, consequently, dismissed the appeal for lack of jurisdiction.

Based on the decisions in *C.B.* and *D.D.H.*, we conclude that the

order changing the permanency goal in the instant case constitutes a nonfinal order for which the supreme court has provided no rule for an appeal to this court and, therefore, we lack jurisdiction to consider the appeal.

Given our decision, we find it unnecessary to address the State's alternative argument for dismissing the appeal, *i.e.*, that respondent's execution on March 8, 2001, of a final and irrevocable consent to the adoption of her son rendered the appeal moot. However, were we to consider this alternative argument, we would agree with the State that, by surrendering her parental rights over A.M., respondent's appeal of the change in permanency goal became moot. See *In re Adoption of Walgreen*, 186 Ill. 2d 362 (1999) (biological mother's consent to adoption of her two children by her parents rendered moot their petition to have the mother declared an unfit parent and to adopt her children).

Accordingly, for the reasons stated, we grant the State's motion to dismiss the appeal for lack of jurisdiction.

Motion granted.

Appeal dismissed.

HUTCHINSON, P.J., and GROMETER, J., concur.