*In re* T.B. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Barbara R., Respondent-Appellant).

Third District   No. 3—01—0178

Opinion filed October 24, 2001.

Elaine Greek, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James Bradshaw, of Peoria, guardian *ad litem*.

JUSTICE McDADE delivered the opinion of the court:
Following a permanency review hearing, the court ordered that

the permanency goal for the respondent mother's children be changed from "return home" to "substitute care." Section 2—28(3) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2—28(3) (West 2000)) states that any such order is immediately appealable as of right. Accordingly, the respondent appeals from the court's order. We dismiss the appeal for lack of jurisdiction because we hold that section 2—28(3) violates the separation of powers clause of the Illinois Constitution.

## BACKGROUND

On September 2, 1998, the State filed a juvenile petition asking that the court find the respondent's children neglected because of a history of domestic violence in the home, the respondent's substance abuse problem, and the respondent's attempted suicide. The court ordered that the parents should not commit further incidents of domestic violence, should not have alcohol or illegal substances in the home, and should not use such substances.

The State filed a supplemental juvenile petition on October 7, 1998, alleging violations of the previous court order. The court then ordered that the children be placed in shelter care.

Following a dispositional hearing on the petitions, the court found the respondent to be unfit. She was ordered to complete a variety of tasks. Five permanency review orders submitted by the court between April 29, 1999, and September 7, 2000, indicated that the respondent was making reasonable progress toward completing her assigned tasks. Each of these permanency review orders set a permanency goal of "return home" for the children.

On February 1, 2001, the court's permanency review order changed this goal to "substitute care." The court noted that the respondent had not made reasonable efforts to achieve the service plan and permanency goal because of her mental illness, missed appointments, engaged in threatening behavior toward a visitation specialist, attempted to "drop" an order of protection against the father of two of the children, and subsequently attempted to reunite with him. The respondent appeals from this latest permanency review order, as provided by the Act. 705 ILCS 405/2—28(3) (West 2000).

## ANALYSIS

Section 2—28 of the Act provides the procedure a court uses to establish a permanency goal for minors found to be abused or neglected. 705 ILCS 405/2—28 (West 2000). The court must conduct permanency hearings at a minimum of every six months after the initial permanency hearing. 705 ILCS 405/2—28(2) (West 2000). Following each permanency hearing, the court shall enter a written order. 705 ILCS 405/2—28(3) (West 2000). The final sentence of section 2—28(3)

states that such an order "shall be immediately appealable as a matter of right under Supreme Court Rule 304(b)(1)." 705 ILCS 405/2—28(3) (West 2000). This Illinois Supreme Court rule states that an "order entered in the administration of [a] *** guardianship, *** which finally determines a right or status of a party," is appealable. 155 Ill. 2d R. 304(b)(1).

Recently, two districts of the Illinois Appellate Court have ruled that the final sentence of section 2—28(3), granting an appeal as of right from a permanency review order, violates the separation of powers clause of the Illinois Constitution. See *In re D.D.H.*, 319 Ill. App. 3d 989, 749 N.E.2d 31 (5th Dist. 2001); *In re C.B.*, 322 Ill. App. 3d 1011, 750 N.E.2d 1271 (4th Dist. 2001). The separation of powers clause states that the three branches of government are separate and no branch shall exercise powers properly belonging to another. Ill. Const. 1970, art. II, § 1. Appeals from final judgments to the Illinois Appellate Court are a matter of right. Ill. Const. 1970, art. VI, § 6. Only the Illinois Supreme Court by rule may provide for appeals from judgments other than final judgments. Ill. Const. 1970, art. VI, § 6.

Both *D.D.H.* and *C.B.* ruled that a permanency review order is not a final judgment from which a parent may properly appeal. *D.D.H.* stated that such an order is not a final determination of the right or status of a parent but, rather, is an intermediate step for the protection and best interests of a child. *D.D.H.*, 319 Ill. App. 3d 989, 749 N.E.2d 31. The legislative branch may not arrogate the right to grant an appeal from a judgment that is not a final judgment. *D.D.H.*, 319 Ill. App. 3d 989, 749 N.E.2d 31. This judicial power is explicitly given to the Illinois Supreme Court by the Illinois Constitution. Ill. Const. 1970, art. VI, § 6.

We appreciate what the legislature may have intended by providing a party with a right to appeal from an order changing a permanency goal. Certainly, such a changed goal often is a difficult, although not impossible, hurdle for a parent to overcome. However, the legislative branch is constitutionally prohibited from providing a parent with such an appeal as of right.

As in *D.D.H.* and *C.B.*, we find that the final sentence of section 2—28(3) granting a right of appeal is severable from the rest of the statute. As the court stated in *D.D.H.*, the appeals provision of the statute is merely a procedural means of providing for interlocutory appeals. The remainder of the statute is unaffected by excluding this appeals provision. *D.D.H.*, 319 Ill. App. 3d 989, 749 N.E.2d 31.

Because we rule that the appeals portion of section 2—28(3) is unconstitutional, the defendant is attempting to appeal from a nonfinal judgment that is not subject to any Illinois Supreme Court rule grant-

ing a right of appeal. Ill. Const. 1970, art. VI, § 6; 155 Ill. 2d R. 304(b)(1). Therefore, we have no jurisdiction to consider the merits of her appeal.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal from the permanency review order of the Peoria County circuit court for lack of jurisdiction.

Appeal dismissed.

LYTTON and SLATER, JJ., concur.