*In re* A.Z. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. J.Z., Respondent-Appellant).

Second District. No. 2—00—1305

Opinion filed November 15, 2001.

Phyllis J. Perko, of Law Offices of Harlovic & Perko, of West Dundee, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Kristine A. Karlin, of Mt. Prospect, for the People.

Jonathan K. Baum and Tamar T. Karsh-Fogel, both of Katten, Muchin & Zavis, Patricia Mendoza, of Mexican American Legal Defense & Educational Fund, and Diane L. Redleaf, of Lehrer & Redleaf, all of Chicago, for *amici curiae.*

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, J.Z., appeals from the trial court's November 3, 2000, order changing the permanency goal for his two minor daughters from return home within five months to guardianship with the Illinois Department of Children and Family Services (DCFS) and placement with the foster parents. Respondent was granted visitation rights.

On appeal respondent contends that (1) the trial court's designation of the permanency goal of guardianship was against the manifest

weight of the evidence; and (2) the selection of a permanency goal of guardianship was not in the children's best interests. The State maintains that this court lacks jurisdiction to hear respondent's appeal because a permanency goal is not a final determination of the rights or status of a party.

According to his jurisdictional statement, respondent bases this court's jurisdiction to hear his appeal on Supreme Court Rule 304(b)(1) (155 Ill. 2d R. 304 (b)(1)). Respondent declares that Rule 304(b)(1) is the rule "referenced" in section 2—28(3) of the Juvenile Court Act of 1987 (705 ILCS 405/2—28(3) (West 1998)) as the rule governing appeals of permanency review proceedings. However, that section, which provides that "[a]ny order entered pursuant to this subsection *** shall be immediately appealable as a matter of right under Supreme Court Rule 304(b)(1)" (705 ILCS 405/2—28(3) (West 1998)), has been found to be unconstitutional because it violates the separation-of-powers clause of our state constitution (Ill. Const. 1970, art. VI, § 6). See, *e.g.*, *In re A.M.*, 324 Ill. App. 3d 144 (2001); *In re C.B.*, 322 Ill. App. 3d 1011 (2001); *In re D.D.H.*, 319 Ill. App. 3d 989 (2001). Respondent maintains that, even though section 2—28(3) has been held to be unconstitutional, this case, nevertheless, falls within the terms of Rule 304(b)(1) and, consequently, it applies.

Rule 304(b)(1) (155 Ill. 2d R. 304(b)(1)) states that "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party" may be appealed. We have recently determined in *In re A.M.*, 324 Ill. App. 3d 144, 145-46 (2001), that an order changing a permanency goal constitutes a nonfinal order for which the supreme court has provided no rule for appeal to this court. Other districts of the appellate court are in agreement. See, *e.g.*, *D.D.H.*, 319 Ill. App. 3d at 991 (an order setting a permanency goal is not final because it "does not *finally* determine a right or status of a party but instead looks at the anticipated *future* status of the child" (emphasis in original)). Moreover, our supreme court has recently stressed that a permanency order is not a final determination of a party's rights or status but, rather, is an intermediate step taken in the best interests of the child. *In re D.S.*, 198 Ill. 2d 309, 330-33 (2001).

In the present case the notice of appeal declares that it is from the November 3, 2000, permanency hearing order. Although the trial court's remarks in changing the permanency order from return home to permanent guardianship reflect that it did not foresee a return home of the minors to respondent, it did not rule out such a return, stating that "it is an unknown point in the future." In our view, therefore, the order setting the new permanency goal did not finally

determine respondent's parental rights. In support of our conclusion we note that the court did not terminate respondent's parental rights nor did the State request such action. The trial court specifically commented on the record that the State had indicated that it would not be filing a petition to terminate. Also, the court stated that overnight visitation with respondent was appropriate and was to continue. As the record indicates that respondent's appeal is from a permanency order, we find the order is not final and, therefore, not appealable under Rule 304(b)(1).

In response to the State's jurisdictional challenge, respondent in his reply brief now requests that, if we find that appeal under Rule 304(b)(1) is improper, we consider Supreme Court Rule 306(a)(5) (166 Ill. 2d R. 306(a)(5)) as an alternative basis of jurisdiction. Rule 306(a)(5) allows a party to petition for leave to appeal to the appellate court "from interlocutory orders affecting the care and custody of unemancipated minors, if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules." 166 Ill. 2d R. 306(a)(5). Rule 306(a)(5), however, was not set forth in respondent's statement of jurisdiction as a basis for authorizing this appeal. The purpose of a jurisdictional statement is not merely to tell the court that it has jurisdiction but to provoke counsel to make an independent determination of the right to appeal before writing the brief. *Vowell v. Pedersen*, 315 Ill. App. 3d 665, 666 (2000). Nonetheless, we do not believe Rule 306(a)(5) applies. We find support for our position in *In re Curtis B.*, 325 Ill. App. 3d 393 (2001).

In *Curtis B.*, the respondent mother relied on section 2—28(3) of the Juvenile Court Act to bring an appeal under Supreme Court Rule 304(b)(1) from an order changing the permanency goal for her son. In accordance with the decisions of two other districts of the appellate court, *In re C.B.*, 322 Ill. App. 3d 1011 (2001), and *In re D.D.H.*, 319 Ill. App. 3d 989 (2001), the First District found that the portion of section 2—28(3) that allowed a party to immediately appeal a nonfinal permanency order was unconstitutional because it encroached upon the exclusive power of the judiciary to regulate matters of appellate practice and procedure. *Curtis B.*, 325 Ill. App. 3d at 399. As a permanency goal is not a final determination of a party's rights or status and as Rule 304(b)(1) allows for an appeal only from a proceeding that finally determines a party's rights or status, jurisdiction to hear respondent's appeal was lacking. As an alternative basis of jurisdiction, however, the respondent claimed, as respondent claims in the instant case, that her appeal was proper under Supreme Court Rule 306(a)(5). The court found that jurisdiction was not proper in that case under Rule 306(a)(5) because an order setting a permanency goal

was not an appealable final order. *Curtis B.*, 325 Ill. App. 3d at 398-99. We agree and reach the same conclusion here. As determined above, the respondent's parental rights have not been finally decided, and the trial court's interim decision to set a new permanency goal does not elevate the order implementing the goal to one that is appealable under Rule 306(a)(5).

Therefore, based on the above reasoning, we dismiss this appeal for lack of jurisdiction.

Dismissed.

HUTCHINSON, P.J., and RAPP, J., concur.